UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK DAVID PRATT, <br> JACOB HARGRAVE, and <br> SCOTT DANIEL GOULD, <br><br> Plaintiffs, <br><br> v. <br><br> GREEN BAY DISTRIBUTORS, INC., <br> GBD NORTH AMERICA, INC., <br> RAFAEL G. VIDAL (POTELA), and <br> TRUEBION CORPORATION, <br><br> Defendants. | No. 1:17-cv-02809-LJM-MJD |

## ORDER ON SUBJECT MATTER JURISDICTION

*Sua sponte*, the Court raised the issue of whether or not this Court has subject matter jurisdiction over this action based on complete diversity between the parties. For the reasons stated herein, the Court **REMANDS** this action to the Hamilton County, Indiana, Superior Court.

## I. BACKGROUND

On July 20, 2017, Plaintiffs, Mark D. Pratt ("Pratt"), Scott D. Gould ("Gould"), and Jacob N. Hargrove ("Hargrove," and collectively with Pratt and Gould, "Plaintiffs"), filed their Complaint against Defendants, Green Bay Distributors, Inc. ("Green Bay"), GBD North America, Inc. ("GBD"), Rafael G. Vidal (Potela) ("Vidal"), and Truebion Corporation ("Truebion," and collectively with Green Bay, GBD, and Vidal, the "Defendants"), in Hamilton County, Indiana, Superior Court, Case No. 29D02-1707-PL-6788. Dkt. No. 1, Ex. A. In their Complaint, Plaintiffs seek damages related to their claims against Defendants for breach of contract, fraudulent conveyance, negligence, unjust enrichment, violations of the Indiana Crime Victims' Act, and

breach of fiduciary duty. *See generally*, *Id*. On August 16, 2017, Defendants removed the case to this Court on the basis of complete diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446. Dkt. No. 1. In their Notice of Removal, Defendants indicated that Pratt and Gould are citizens of Indiana and that Hargrove is a citizen of Texas. *Id*. at 2. Defendants also stated that Green Bay was a Puerto Rican corporation with its principal place of business in Puerto Rico, that Truebion was a Delaware corporation with its principal place of business in Tampa Bay, Florida, and that Vidal was a citizen of Puerto Rico. *Id*. Furthermore, Defendants specified that GBD "was an Illinois corporation that is no longer doing business but had a prior principal place of business in Kingwood, County of Harris, Texas." *Id*.

On August 18, 2017, the Court ordered Defendants to show cause as to why complete diversity exists in this case where Hargrove and GBD both appear to be citizens of Texas. Dkt. No. 6. Defendants assert that a dissolved corporation like GBD should not be considered to have a principal place of business for diversity jurisdiction purposes. Dkt. No. 7 at 3-5. In the alternative, Defendants request that the Court dismiss Hargrove from this case because he is a non-essential party. *Id*. at 5-6. In response, Plaintiffs argue that GBD should still be considered a citizen of Texas because that is the state in which it last transacted business prior to being dissolved in 2016. Dkt. No. 11 at 2-5. Furthermore, Plaintiffs assert that Hargrove is an essential party to this action and that this Court lacks the ability to dismiss Hargrove because it does not have jurisdiction. *Id*. at 5-7.

## II. DISCUSSION

The party invoking the Court's jurisdiction bears the burden of establishing that the Court has proper jurisdiction of the case. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The Court may view any evidence submitted beyond the jurisdictional allegations within a complaint

to determine whether the Court has subject matter jurisdiction over a claim. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State or foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." The Supreme Court held that the state in which the "nerve center" of the corporation, or the place "where a corporation's officers direct, control, and coordinate the corporation's activities," is located is generally considered to be the corporation's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). In *Hertz*, the Supreme Court further noted that simplistic tests for evaluating jurisdiction, such as the nerve center test, are preferred over more complex jurisdictional tests. *Id*. at 94-95. However, despite this preference for simple jurisdictional tests, courts should still prevent opportunities for jurisdictional manipulation that would seek to "subvert[ ] a major reason for the insertion of the 'principal place of business' language in [28 U.S.C. § 1332]." *Id*. at 97.

While the Seventh Circuit has not addressed whether inactive or dissolved corporations are considered to have principal places of business for jurisdictional purposes, the Circuit Courts of Appeals that have addressed this issue are split. The Second Circuit has held that an inactive or dissolved corporation's citizenship should be based on its state of incorporation and the state in which "it last transacted business." *William Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 141 (2d Cir. 1991) (hereafter known as "*Passalacqua*"). *See also*, *Mamco Corp. v. Carlisle Companies Inc.*, No. 10-C-0124, 2011 WL 13646, at *2 (E.D. Wis. Jan. 4, 2011) (citing *Passalacqua*, 933 F.2d at 141) ("An inactive corporation's principal place of business is the state in which it last transacted business"). Similarly, the Fifth Circuit applies the "last transacted business on a case-by-case" test, in which a court must look to both the state where an

inactive corporation last transacted business and the extent of the corporation's remaining local character. *See Harris v. Black Clawson Co.*, 961 F.2d 547, 550-51 (5th Cir. 1992). If "a corporation has been inactive in a state for a substantial period of time, … that state is not the corporation's principal place of business" under Fifth Circuit precedent. *Id*. at 551 (footnotes omitted). Furthermore, the Third and Eleventh Circuits have adopted the "bright-line" rule, which states that inactive or dissolved corporations have no principal place of business and are citizens only of the states in which they were incorporated. See *Holston Inv., Inc. v. Lanlogistics Corp.*, 677 F.3d 1068, 1070-71 (11th Cir. 2012) (citing *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995)). The court in *Holston* opined that the "bright-line" rule best aligned with the Supreme Court's guidance in *Hertz* for courts to apply simplistic tests when evaluating subject matter jurisdiction. *See Holsten*, 677 F.3d at 1071.

Here, the Court agrees with the Second Circuit that a dissolved corporation should be treated as a citizen of both the state in which it was incorporated and the state in which it last transacted business. Although the Supreme Court in *Hertz* intended for courts to apply simplistic tests for determining whether a court has subject matter jurisdiction over a particular action, this advice should not allow a corporation to subvert the dual-citizenship requirements for diversity jurisdiction set forth by Congress in 28 U.S.C. § 1332. *See Hertz*, 559 U.S. at 94-96.

> To allow inactive corporations to avoid inquiry into where they were last active would give them a benefit Congress never planned for them, since under such a rule a defunct corporation, no matter how local in character, could remove a case to federal court based on its state of incorporation.

*Passalacqua*, 933 F.2d at 141. Therefore, because GBD last transacted business in Harris County, Texas, the Court considers GBD to be a citizen of both Illinois and Texas for diversity jurisdiction purposes. As such, there is not complete diversity between the parties here, and the Court lacks subject matter over this action.

In light of the Court's lack of subject matter jurisdiction, it would be improper for this Court to dismiss Hargrove as a plaintiff in this instance. Rather, the question of whether Hargrove is an essential party is better left to the Hamilton County, Indiana, Superior Court on remand. If the Indiana court later dismissed Hargrove on remand, Defendants could then attempt to remove this action based on diversity jurisdiction once complete diversity is readily ascertainable. *See* 28 U.S.C. § 1441(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case in one which is or has become removable").

### III. CONCLUSION

For the foregoing reasons, the Court **REMANDS** this action to the Hamilton County, Indiana, Superior Court.

IT IS SO ORDERED.

Date: 9/25/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pvink@boselaw.com

Matthew S. Tarkington
LEWIS & KAPPES PC
mtarkington@lewis-kappes.com

Joseph J. Montel
THE MONTEL LAW FIRM, P.C.
joemontel@montellaw.com